## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METROPOLITAN REGIONAL COUNCIL OF PHILADELPHIA AND VICINITY, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA<br>1803 Spring Garden Street<br>Philadelphia, PA 19130<br>                Plaintiff<br><br>v.<br><br>R.M.KING CONSTRUCTION COMPANY, INC.<br>1535 Route 206<br>Tabernacle, NJ 08088<br>                Defendant | CIVIL ACTION NO. |

## CIVIL ACTION - COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §185(a).

## VENUE

2. Venue is appropriate in this District, as the Plaintiff maintains its offices with the geographical boundaries of the Eastern District of Pennsylvania, and, the arbitration proceeding which produced the award sought to be enforced in this matter was held, and the award issued, within the boundaries of the Eastern District of Pennsylvania.

## PARTIES

3. The Plaintiff, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("MRC"), is an unincorporated association

100554-2

and a "labor organization" within the meaning of §2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5). The MRC maintains its principal place of business at 1803 Spring Garden Street, Philadelphia, PA 19130. The MRC represents, for purposes of collective bargaining, certain employees of the Defendant.

4. Defendant R.M. King Construction Company, Inc. ("RMKing" or "Defendant"), is a New Jersey corporation, incorporated on April 8, 1999. RMKing maintains its principal place of business at 1535 Route 206, Tabernacle, NJ 08088, and is an "employer" within the meaning of §2(2) of the NLRA, 29 U.S.C. §152(2).

## FACTUAL BACKGROUND

5. RMK Construction Company, Inc. ("RMK"), is a New Jersey corporation, and an "employer" within the meaning of §2(2) of the NLRA, 29 U.S.C. §152(2). RMK maintains its principal place of business at 1535 Route 206, Tabernacle, NJ 08088.

6. On July 8, 1994, RMK executed an assent agreement with the MRC through which it became bound to the then current collective bargaining agreement between the MRC and the Interior Finish Contractors Association of Delaware Valley (referred to as "the IFCA Agreement"). A true and correct copy of the assent agreement is attached as Exhibit 1.

7. The assent agreement also contains an "evergreen" clause, which renews the parties' collective bargaining agreement automatically, unless either party provides the other with timely notice of an intention to terminate. [See Exhibit 1]. To date, neither RMK or the MRC have given any notice to terminate the agreement.

8. At the time RMK entered into its relationship with the MRC, the IFCA Agreement in effect ran from May 1, 1994 through April 30, 1997. A subsequent IFCA Agreement was effective May 1, 1997, through April 30, 2001. The current Agreement went

into effect on May 1, 2000 and expires on April 30, 2004.

9. At all material times, RMK has been a party to the effective IFCA Agreement.

10. A dispute arose between the MRC and RMK which became the subject of an arbitration proceeding in accordance with Article 14 of the IFCA Agreement

11. On March 12, 1999, an arbitration hearing was held before Arbitrator Alan Symonette, the arbitrator mutually chosen by RMK and the MRC.

12. On March 29, 2000, Arbitrator Symonette issued a written award ("Arbitration Award") in this matter, concluding that RMK violated the collective bargaining agreement. A true and correct copy of the Arbitration Award is attached as Exhibit 2.

13. Following an assessment of damages hearing before Arbitrator Symonette on August 1, 2001, the arbitrator, on August 23, 2001, issued a Supplemental Arbitration Award ("Supplemental Award") in favor of the MRC. A true and correct copy of the Supplemental Award is attached as Exhibit 3.

14. RMK has never sought to vacate or otherwise judicially challenge either award and has failed and refused to comply with them and make the payments ordered by the Arbitrator.

15. As a result of RMK's failure and refusal to comply with the awards, the MRC filed a complaint against RMK in the United States District Court for the Eastern District of Pennsylvania on December 4, 2001. That action was designated as Civil Action No. 01-6070.

16. Judgment was entered against RMK and in favor of the MRC in the amount of $71,478.81 on April 9, 2002 is attached as Exhibit 4.

17. RMK was solely owned, operated and managed by Mark King Kramer ("Kramer") and Robert Rickabaugh ("Rickabaugh").

18. RMK ceased operations on or about April of 1999, and has no assets to pay its creditors, including the MRC.

19. Kramer and Rickabaugh established RMKing on April 8, 1999 at which time it commenced operations, coincident with the cessation of operations of RMK.

20. RMKing was aware, and had full knowledge of the arbitration proceeding against RMK, as well as the subsequent award and civil judgment, and the liability that these actions created.

21. On information and belief:

(1) The officers and management of RMK and RMKing are the same;

(2) RMKing is engaged in the same business, serving the same or similar types of customers as RMK;

(3) Labor relations for RMKing are handled by the same person(s) that handled them for RMK;

(4) RMKing employees use the same type of equipment to serve the same or similar types of customers;

(5) Employees of RMK are employed by RMKing;

(6) RMKing operates from the same location as RMK; and

(7) The ownership of RMK and RMKing is the same.

Based upon these facts and others, RMKing is (a) the *alter ego* of RMK; and/or (b) RMK and RMKing constitute a single employer;

(8) On information and belief, RMKing was incorporated in an effort to avoid RMK's obligations under its collective bargaining agreement with the MRC and the judgment that had been entered against it.

(9) On information and belief, RMKing is a disguised continuance of RMK.

(10) Assets of RMK were transferred to RMKing for little or no consideration.

## CAUSE OF ACTION

22. The allegations of Paragraphs 1 through 21 are incorporated by reference as if fully restated.

23. The MRC is owed at least $71,478.7.81 by RMK on the judgment entered in Civil Action No. 01-6070.

24. As an *alter ego* and/or single employer, RMKing is bound to all terms and conditions of the collective bargaining agreement(s) between RMK and the MRC.

25. As an *alter ego* and/or single employer, RMKing is bound to the prior Arbitration Award and Supplemental Award issued by Arbitrator Symonette.

26. As an *alter ego* and/or single employer, RMKing is bound to the prior Order and Judgment issued by this Court on April 9, 2002.

27. The MRC has been damaged by the failure of RMKing and RMK to honor the prior pronouncements of the Arbitrator and this Court.

28. The refusal of RMKing and RMK to comply with the prior pronouncements of the Arbitrator and this Court constitutes a breach of the Agreement.

29. RMKing is jointly and severally liable with RMK for the amounts owed the MRC.

WHEREFORE, the MRC requests the following relief:

(a) a Declaration that RMKing is the *alter ego* of RMK or that RMKing and RMK constitute a single employer, but that, in any case, RMKing is bound to all terms and conditions of the collective bargaining agreement(s)

between the MRC and RMK and is jointly and severally liable with RMK for all amounts due and owing to the MRC;

(b) a Declaration that the collective bargaining agreement(s) between RMK and MRC applies to all work performed by RMKing within the jurisdiction of the MRC, as a result of the *alter ego* and/or single employer status of RMKing.

(c) an Order confirming that the Arbitrator's awards apply to RMKing;

(d) an Order confirming that the April 9, 2002 Order and Judgment applies to RMKing;

(e) Judgment against RMKing in favor of the MRC in the amount of $71,478.81, plus all additional amounts found to be due and owing during the pendency of this litigation together with interests and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, are provided in the Labor Contract and applicable law;

(f) An accounting of all additional amounts that may be due and owing under the collective bargaining agreements as a result of RMKing's performance of covered work within the jurisdiction of the MRC; and

(g)  such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

SAGOT, JENNINGS & SIGMOND

BY:_____
SANFORD G. ROSENTHAL (ID. NO. 38991)
RICHARD J. DeFORTUNA (ID.NO. 86260)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0674

Attorney for Plaintiffs

Date:_____