BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

IN THE MATTER OF: )
)
Metropolitan Regional Council of )
Philadelphia and Vicinity, United )
Brotherhood of Carpenters and Joiners of )
America )
)
and ) Case No. 14 300 1254 98 J
)
RMK Construction, Co. Inc. )
)
Grievance:   Violation of Collective )
Bargaining Agreement )
)

## SUPPLEMENTAL AWARD REGARDING REMEDY

On June 22, 1998 the Union in this matter filed a grievance pursuant to its agreement with the Interior Finish Contractors Association of Delaware Valley arguing that the Company violated the Collective Bargaining Agreement when it failed to pay contractual wages and benefit contributions when it was retained as a subcontractor at a work site in Montgomeryville, Pennsylvania. The Company is a signor to the IFCA agreement.

The matter was brought to a hearing before the undersigned on March 12, 1999. An award was subsequently issued that stated as follows:

> The grievance is sustained. The Company violated the Collective Bargaining Agreement when it performed work covered therein without making appropriate wage payments and contributions to the Union's fringe benefit funds. The Company is ordered to pay all such delinquent payments with interest and attorney's fees. In determining the amount of damages owed, the Company is ordered to provide the Council with the documentation necessary to determine the number of hours worked on the project in question. The undersigned arbitrator will retain jurisdiction for a period of three months from the date of this award. If the parties are



EXHIBIT 3

unable to determine the hours worked within this time period, the arbitrator will determine the amount of damages based upon the evidence presented.

On May 11, 2000 approximately two months after the award was issued, the Union notified the arbitrator, through the American Arbitration Association stating that "the parties have been unable to determine the hours worked in violation of the contract or the appropriate damages. Accordingly, the MRC herby invokes Arbitrator Symonette's retention of jurisdiction in the matter."

After several attempts to resolve the matter and attempt to schedule a hearing, one was conducted on August 1, 2001. During the hearing, the Union asserted that the Company did not allow it to audit any records to determine the appropriate number of hours worked. The Company stated that it would not present any evidence and an audit was conducted. The Union denied this.

In the initial hearing, the Union formulated a list of damages based upon an estimate on the number of hours worked and the amount to be paid based upon the language set forth in Article 19 of the Agreement regarding the Delinquency and Collection Procedure. This included the formula for the payment of liquidated damages, attorney's fees and interest. Given the fact that the employer has the documentation necessary to determine the exact number of hours worked, it is appropriate that it carry the burden in showing the correct amount of damages owed. If the employer is unable to meet that burden, then the Arbitrator has no alternative but to accept the estimates provided by the Union.

In this case, the employer did not provide any evidence showing its estimate of the number of hours worked. The employer's owner appeared at the hearing and stated

that an audit took place but again did not provide any evidence showing the result of the audit or any detail of the hours owed.[1] The Union maintained that no audit took place. When questioned, the owner could not produce the name of the auditor, the date of the audit or its result. The Union relied upon the testimony submitted in the original hearing as well as its account of damages as submitted in its brief.

Based upon this evidence, I must conclude that the Employer failed to meet its burden of showing an accurate account of the wages owed pursuant to the Agreement. Given its failure to provide any evidence, this arbitrator has no choice but to rely upon the Union's estimate that the amount owed should reflect 1600 person-hours at the rate of $23.40 per hour. According to Article 19 the Employer shall be considered "delinquent" for purposes of the Agreement. The Employer also owes $1,123.20 in dues and fringe contributions at the rate of $12.31 per hour. The Employer must also pay related liquidated damages in the amount of 10% of the gross amount due, interest calculated in accordance with ERISA, the costs of this arbitration, and attorneys' fees and costs.

---

[1] In the hearing on the merits of this case, the owner failed to provide any evidence even though his records were subpoenaed by the Union.

## AWARD

Based upon the evidence presented, the Employer is "delinquent" in wage payments as set forth in Article 19 of the Collective Bargaining Agreement to the extent of 1600 person-hours at the contractual wage rate of $23.40 per hour. The Employer also owes dues and fringe contributions at the rate of $12.31 per hour. In addition the Employer shall pay all liquidated damages, interest calculated in accordance with ERISA, costs of this arbitration, attorneys' fees and costs in accordance with Article 19 of the Agreement

Dated: Thursday, August 23, 2001

Alan A. Symonette, Arbitrator
Philadelphia, Pennsylvania

FILED APR 0 8 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

METROPOLITAN REGIONAL COUNCIL : CIVIL ACTION
OF PHILADELPHIA AND VICINITY, :
UNITED BROTHERHOOD OF CARPENTERS:
AND JOINERS OF AMERICA :
                                  :
          v.                      :
                                  :
RMK CONSTRUCTION COMPANY, INC.    :   NO. 01-6070

ENTERED
APR 0 9 2002
CLERK OF COURT

### ORDER and JUDGMENT

AND NOW, this 5th day of April, 2002, upon consideration of plaintiffs' Motion for Judgment by Default (Doc. #4) and supporting submissions, defendant having been properly served with process on December 11, 2001 and thereafter having failed to appear, answer or otherwise defend in this action, and the Clerk having duly entered a default herein on January 11, 2002, pursuant to Fed. R. Civ. P. 55(b)(2), **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and accordingly the arbitration awards of March 29, 2000 and August 23, 2001 are confirmed and **JUDGMENT IS ENTERED** in the above action for plaintiffs and against defendant in the amount of $71,478.81 including unpaid wages, unpaid dues, unpaid fringe benefit fund contributions, unpaid contributions to the Carpenters Job Recovery Program, liquidated damages, interest, attorney's fees and costs.

BY THE COURT:

_/s/ C. W____
JAY C. WALDMAN, J.

EXHIBIT
4