## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METROPOLITAN REGIONAL COUNCIL | : | |
| OF PHILADELPHIA AND VICINITY, | : | CIVIL ACTION |
| UNITED BROTHERHOOD OF | : | |
| CARPENTERS AND JOINERS | : | |
| OF AMERICA | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| R.M.KING CONSTRUCTION | : | |
| COMPANY, INC. | : | |
| Defendant | : | NO. 02-CV-3805 |

### MOTION OF PLAINTIFF, THE METROPOLITAN REGIONAL COUNCIL OF PHILADELPHIA AND VICINITY, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, respectfully moves this Honorable Court, pursuant to the Federal Rules of Civil Procedure, to strike Defendant's Fourth through Eighteenth Affirmative Defenses.

In support of this Motion, Plaintiff files concurrently herewith its Memorandum of Law, setting forth the legal basis for the relief requested herein.

Respectfully submitted,
JENNINGS SIGMOND, P.C.

BY:  s/ SANFORD G. ROSENTHAL
SANFORD G. ROSENTHAL (I.D. NO. 38991)
RICHARD J. DeFORTUNA (I.D. NO. 86260)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0674

Date:August 7, 2002            Attorney for Plaintiffs

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED**

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

METROPOLITAN REGIONAL COUNCIL     :
OF PHILADELPHIA AND VICINITY,     :            CIVIL ACTION
UNITED BROTHERHOOD OF     :
CARPENTERS AND JOINERS     :
OF AMERICA     :
             Plaintiff     :
    :
    v.     :
    :
R.M.KING CONSTRUCTION     :
COMPANY, INC.     :
             Defendant     :            NO. 02-CV-3805

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S FED.R.CIV.PRO 12(f) MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

**I.     Introduction**

Plaintiff, the Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("MRC" or "Plaintiff"), brought this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff seeks a judgment acknowledging the existence of an *alter ego* and/or single employer relationship between R.M.K. Construction Company ("RMK") and R.M.King Construction Company, Inc. ("RMKing" or "Defendant"). Furthermore, Plaintiff seeks an order against RMKing attaching liability for the previous judgment against RMK for the amount of $71,478.81 as a result of the *alter ego* and/or single employer relationship between Defendant and RMK.

Plaintiff is an unincorporated association and a "labor organization" within the meaning of §2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), and is empowered to bring this action pursuant to 29 U.S.C. §185(a).

Defendant is a New Jersey corporation that maintains its principle place of business at 1535 Route 206, Tabernacle, New Jersey 08088, and is an "employer" within the meaning of §2(2) of the NLRA, 29 U.S.C. §152(2).

Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331 and 29 U.S.C. §185(a).

Plaintiff has filed this Motion to Strike Defendant's fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth affirmative defenses. These affirmative defenses, pleaded by RMKing, are either insufficient, immaterial or impertinent.

## II.    Statement of Facts

On July 8, 1994, RMK signed an assent agreement with the MRC. (See, Exhibit 1, "Assent Agreement"). Under the terms of the assent agreement, RMK agreed to be bound by the provisions of the collective bargaining agreement between the MRC and the Interior Finish Contractors Association of Delaware Valley. (Id, at ¶1). The assent agreement also includes an "evergreen" clause, which renews the parties' collective bargaining agreement automatically, unless either party provides the other with timely notice of an intention to terminate. (See, Exhibit 1 at ¶2). At all material times, RMK was a party to the effective IFCA Agreement.

The IFCA Agreement contains provisions for the resolution of all disputes arising in the context of the employment and collective bargaining relationship between the parties. (See, Exhibit 2, at Art. 14).

On March 12, 1999, an arbitration hearing was held before Arbitrator Alan Symonette. As a result of the arbitration hearing, two Awards were issued, ordering *inter alia,* RMK to pay $71,478.81 to Plaintiff. (See, Exhibit 3, "Arbitration Award of March 2, 2000; Exhibit 4, "Supplemental Award of August 3, 2001).

RMK failed and refused to comply with the Awards and did not make any of the payments specifically ordered by the Arbitrator. As a result, a Complaint was filed on December 4, 2001 in the United States District Court for the Eastern District of Pennsylvania and designated as Civil Action No. 01-CV-6070. No Answer to the Complaint was filed, and a Request to Enter Default was filed on January 11, 2002. Judgment by default was entered on April 9, 2002, in favor of the MRC and against RMK in the amount of $71,478.81 for unpaid wages, unpaid dues, unpaid fringe benefit fund contributions, unpaid contributions to the Carpenters Job Recovery Program, liquidated damages, interest, attorneys' fees and costs.

A new company, R.M. King Construction Company, Inc. ("RMKing"), was established in April of 1999. (See, Exhibit 5, "Asset Deposition of Mark King Kramer" at p. 55 [1]). RMKing is a New Jersey corporation organized for the purpose of performing general contracting work and construction tasks, the same purposes in which RMK was engaged. (Id., at p. 40).

RMKing shares the same office address, (id. at p. 42), owners, shareholders, officers, and directors, (Mark Kramer and Robert Rickabaugh), (id., at pp. 7, 17, 32, 42, 43), the same internal employee, (id. at p. 48), the same business purpose, the same nature of operations, and the same or similar business market with RMK. (Id. at p. 40, 64).

RMKing began activity within the construction industry at or about the same time RMK ceased such activity. (Id. at 57-59). Furthermore, RMK transferred several assets to RMKing for little or no consideration. (Id. at 30, 31, 33-34, 35-36, 37).

Plaintiff believes that RMKing is the *alter ego* of RMK and, thus, itself liable for the amount owed to the MRC. Plaintiff then filed the Complaint in this matter on June 22, 2002. RMKing subsequently filed an Answer with Affirmative Defenses on July 15, 2002.

---

[1]     Only the cited pages of the deposition are attached. A complete copy of the transcript will be provided if the Court deems necessary.

### III.    Argument

Motions to strike are to be decided "on the basis of the pleadings alone." Total Containment, Inc. v. Environ Products, Inc., No. 91-7911, 1992 WL 208981 at *1 (E.D. Pa., August 19, 1992).

"A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." River Road Devel. Corp. v. Carlson Corp., No. 89-7037, 1990 WL 69085 at *2 (E.D.Pa., May 23, 1990). Motions to strike, however, are "not favored and usually will be denied unless the allegations have *no possible relation to the controversy* and may cause prejudice to one of the parties, or if the allegations *confuse the issues*." Ibid. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure at 1382 (1969)(emphasis added)). See Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3rd Cir. 1986); Linker v. Custom-Bilt Mach., Inc., 594 F.Supp. 894, 898 (E.D.Pa. 1989)(holding "affirmative defenses can be stricken "only if the defense asserted could not possibly prevent recovery under any pleaded set or inferable set of facts.'")(quoting United States v. Pennsalt Chemicals Corp., 262 F.Supp. 101 (E.D.Pa. 1967).

Ultimately, motions to strike "save time and expense … by making it unnecessary to litigate claims which will not affect the outcome of the case." North Penn Transfer, Inc. v. Victaulic Co. of America, 859 F.Supp. 154, 159(E.D.Pa. 1994). See United States v. Kramer, 757 F.Supp 397, 410 (D.N.J. 1991).

In the current case, Plaintiff brought this action asserting the existence of an *alter ego* and/or single employer relationship between Defendant and RMK. In doing so, the two companies would be judicially understood to be the same entity, and RMKing would be liable for the earlier Judgment against RMK.

To this end, Plaintiff asserts that the creation of RMKing amounts to a mere technical change in the identity of RMK without any substantial change in ownership, management, labor relations, supervision, operation, business purpose, equipment and market, Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 139 F.3d 304 (1st Cir. 1998); Truck Drivers Local Union No. 807, I.B.T. v. Regional Import & Export Trucking Co., Inc., 944 F.2d 1037 (2nd Cir. 1991), satisfying this circuit's *alter ego* test[2]. Stardyne, Inc. v. National Labor Relations Bd., 41 F.3d 141, 151 (3rd Cir. 1994)(holding "[t]he determination whether two companies are alter egos [is based upon] … whether the new and old employers share '"substantially identical' management, business purpose, operation, equipment, customers, and supervision as well as ownership.' In addition, as noted, an intent to evade the [N.L.R.A.] is an important, but not essential, factor.")(internal citations omitted). As a result of this *alter ego* and/or single employer relationship, the new entity, RMKing, is subject to all legal and contractual obligations of its predecessor, including the prior judgement. N.L.R.B. v. Omnitest Inspection Serv., Inc., 937 F.2d 112, 114 (3rd Cir. 1991).

RMKing's basic defense is that no *alter ego* and/or single employer relationship exists between RMK and RMKing, and that no obligations attach. However, given the deposition testimony of Mark Kramer, such a defense will not stand under the scrutiny of the relevant case law.

On the framework of that basic defense, RMKing has interposed a series of affirmative defenses that are immaterial, impertinent and redundant, and, even if true, will not affect the outcome of this case. See Fed.R.Civ.Pro 12(f) (stating "the court may order stricken from any

---

[2]     Plaintiff further asserts that RMKing was created primarily in order to evade the obligations of RMK under the labor laws and the IFCA Agreement as well as the arbitration Awards and the April 9, 2002, Order and Judgment.

pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); Linker, supra, 594 F.Supp. at 898. Furthermore, RMKing has generally raised their affirmative defenses in such bland, generic terms that Plaintiff cannot possibly respond without the Court requiring something analogous to a more definite statement as to RMKing's grounds for each defense so pleaded.

1.    RMKing's Fourth Affirmative Defense is Impertinent

RMKing's fourth affirmative defense is a disguised claim under Fed.R.Civ.Pro. 12(b)(6). This claim has no basis and should be stricken. Plaintiff has clearly alleged all facts necessary to prevail on the claim for the recognition of RMKing's *alter ego* and/or single employer status. See Stardyne, supra, 41 F.3d at 151. Based upon the deposition of Mark Kramer, president and owner of both RMK and RMKing, Plaintiff's have pled that RMKing shares the same ownership, management, labor relations, supervision, operation, business purpose, equipment and market as RMK. Further, Plaintiff's have pled that RMKing's origin correlates to the cessation of RMK's operations. It is suggested that RMKing was created in an effort to evade the contractual and legal obligations and liabilities of RMK. As a result, RMKing is bound to all of the obligations and liabilities of its predecessor, RMK. See Omnitest, supra, 937 F.2d at 114. Because a claim upon which relief can be granted has been properly pleaded by Plaintiff, this defense should be stricken.

2.    RMKing's Fifth, Sixth, Seventh, Eighth, Thirteenth, Fourteenth, Sixteenth, Seventeenth and Eighteenth affirmative defenses should be stricken because they are immaterial to the *alter ego* issue[3]

This is an action to determine whether or not RMKing is the *alter ego* of RMK. If, in fact, this Court finds that RMKing is the *alter ego* of RMK, then RMKing will be subject to all

---

[3]    To the extent that Defendant's Ninth, Tenth, Eleventh, Twelfth and Fifteenth affirmative defenses relate to the underlying IFCA Agreement, these too should be stricken on the same grounds as asserted within this section.

of the liabilities and obligations of RMK, including the April 9, 2002 judgment for $71,478.81. This attachment of liabilities will occur as a matter of law. Omnitest, supra 937 F.2d at 114. The only issue before the Court then, is the legal status of RMKing[4]. See North Penn, supra, 859 F.Supp at 159(holding "An affirmative defense is insufficient if it is not recognized as a defense to the cause of action.")(quoting Total Containment, supra, 1992 WL 208981 at *1; Fed.R.Civ.Pro 12(f)("the court may strike … any insufficient defense[.]").

RMKing's pleading of the affirmative defenses of failure to satisfy conditions precedent (fifth affirmative defense); wrongful conduct and failure of performance (sixth affirmative defense); failure to mitigate damages (seventh affirmative defense); accord and satisfaction (eighth affirmative defense); unclean hands (fourteenth and seventeenth affirmative defenses); fraud and/or illegality (sixteenth affirmative defense); and the statute of frauds (eighteenth affirmative defense) are boilerplate defenses to the existence of a valid contract and are immaterial to the case at bar. They do not speak at all to the existence of an *alter ego* relationship between RMKing and RMK which is the ultimate question raised in this case[5]. If this Court finds such a relationship exists between RMK and RMKing, then the underlying IFCA Agreement, and all obligations and liabilities inherent therein, attach automatically as a matter of law. Omnitest, supra, 937 F.2d at 114. Therefore, RMKing's defenses five through eighteen amount to nothing more than a thinly veiled collateral attack on the prior proceedings and have

---

[4]    If it is found that RMKing is the *alter ego* of RMK, this Court is precluded from revisiting the specific issue of the validity and applicability of the IFCA Agreement as to RMKing under the collateral estoppel and *res judicata* doctrines. Kremer v. Chemical Construction Corp., 456 U.S. 461, 485, 72 L.Ed.2d 262, 102 S.Ct. 1883 (1982)(stating "The usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum."); Montana v. United States, 440 U.S. 147, 153, 59 L.Ed.2d 210, 99 S.Ct. 970 (1979)(holding "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."). RMK has already had ample opportunity to litigate that issue before a court of competent jurisdiction, and it cannot be resurrected here.

no place within the context of an *alter ego*/single employer determination.  These defenses are immaterial and not timely and should be stricken.  <u>See</u> <u>Cippollone</u>, <u>supra</u>, 789 F.2d at 188; <u>North Penn</u>, <u>supra</u>, 859 F.Supp. at 159.  <u>River Road</u>, <u>supra</u>, 1990 WL 69085 at *2; <u>Linker</u> <u>supra</u>, 594 F.Supp. at 898; <u>Pennsalt</u>, <u>supra</u>, 262 F.Supp at 101.

Finally, it is assumed that affirmative defense thirteen (*Res Judicata*), refers to the April 9, 2002, order and judgment.  Again, this defense acknowledges that the issue of liability was determined by a court of competent jurisdiction and cannot be raised again here.  However, as stated earlier, the prior proceedings were against RMK only.  The *Res Judicata* would not apply unless and until it is determined by this Court that RMKing is the *alter ego* of RMK, thus precluding any attacks against the validity or applicability of the IFCA Agreement between Plaintiff and both RMK and RMKing.  As a result, RMKing's thirteenth affirmative defense should be stricken, pursuant to Fed.R.Civ.Pro. 12(f), as immaterial and impertinent.

> 3.  <u>RMKing's Fifth through Eighteenth affirmative defenses are of such a bland and generic character as to be insufficient and untenable</u>

As mentioned in Plaintiff's introduction, RMKing has interposed other affirmative defenses in such bland, generic terms such that Plaintiff cannot possibly respond or properly prepare for litigation.  These defenses should be stricken pursuant to Fed.R.Civ.Pro. 12(f), as they are "so confused, ambiguous, vague, or otherwise unintelligible that [their] true substance, if any, [are] well disguised."  <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2nd Cir. 1988).  These defenses are purely inadequate and utterly irrelevant to these proceedings.

In the alternative, Plaintiff respectfully requests the Court to require something analogous to a more definite statement as to the grounds for each defense so pleaded.  Although not

---

[5]    Each of these defenses has no place in the current litigation, regardless of its outcome; either RMKing is the *alter ego* of RMK, and therefore is obligated to the contract and liable under the judgment, or RMKing is not the *alter ego* of RMK, and the contract does not apply at all.

specifically allowed for in Fed.R.Civ.Pro. 12(e), because a responsive pleading is not permitted in response to RMKing's Answer, Plaintiff requests that the Court exercise its equitable authority to require RMKing to provide enough details of its affirmative defenses such that the Plaintiff can counter the defenses alleged.

4. <u>RMKing's Tenth, Eleventh Twelfth and Fifteenth affirmative defenses are insufficient and impertinent</u>

RMKing's Fifteenth Affirmative Defense claims that this action is barred by the statute of limitations.  In bringing an *alter ego* and/or single employer claim, the action is considered a straightforward breach of contract suit brought pursuant to 29 U.S.C. §301.  As such, the applicable statute of limitations is the analogous state limitations statute for contracts. <u>International Union of Elevator Constructors, Local 23 v. Total Access Elevator Co., Inc.</u>, 976 F. 2d 737, 1992 U.S. App. LEXIS 31929 (9th Cir. 1992).  Pennsylvania's limitation period for actions upon a contract is four (4) years.  42 P.S. §5525.

Furthermore, Pennsylvania adheres to the "discovery rule", whereby a limitation period doesn't run until the claim is sufficiently ripe that one can maintain a suit on it. <u>Whittle v. Local 641</u>, 56 F.3d 407, 489 (3rd Cir. 1995).  <u>See</u>, <u>Sheet Metal Workers Int'l Ass'n v. 2300 Group, Inc.</u>, 949 F.2d 1274, 1279 n. 6 (3rd Cir. 1991).

As Plaintiff did not have enough information with which to make a valid *alter ego* claim against RMKing until the deposition of Mark Kramer, taken on May 30, 2002, it is clear that this action was brought well within the confines of the applicable limitation period.  This affirmative defense should be stricken.

Finally, RMKing's Tenth (Latches), Eleventh (Waiver), and Twelfth (Estoppel) Affirmative Defenses variously assert that Plaintiff sat on  his rights for such a period of time that the present action should be barred.  As explained above, Plaintiff filed this Complaint

immediately upon becoming aware of RMKing's deceptive creation and continued operation. The mere suggestion that Plaintiff knew of, and agreed to abide by, RMKing's deception in untenable.  These defenses are purely impertinent and insufficient as plead, and must be stricken.

## III.    Conclusion

Defendant has pleaded numerous affirmative defenses in an obvious "kitchen sink" strategy.  Most, if not all, of the affirmative defenses pled by Defendant are without merit.  For the reasons stated above, affirmative defenses Four through Eighteen should be stricken.

WHEREFORE, Plaintiff respectfully requests that Defendant's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth and Eighteenth Affirmative Defenses be stricken in their entirety.  Plaintiff also requests that Defendant be required to state its grounds with sufficient particularity for the Fifth, Sixth, Seventh, Eighth, Ninth, Fourteenth, Sixteenth and Seventeenth Affirmative Defenses, if they are not stricken, in order to enable Plaintiff to respond.


Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:  s/ SANFORD G. ROSENTHAL
SANFORD G. ROSENTHAL (I.D. NO. 38991)
RICHARD J. DeFORTUNA (I.D. NO. 86260)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0674
Date:August 7, 2002                         Attorney for Plaintiffs


**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED**

102653-1                             10

## <u>CERTIFICATE OF SERVICE</u>

I, SANFORD G. ROSENTHAL, ESQUIRE, state under penalty of perjury that I caused a copy of the foregoing Brief In Support Of Plaintiff's Motion To Strike Defendant's Affirmative Defenses to be placed in the U.S. mail with postage for first class delivery, on the date and to the addresses below.

Susan J. Wall
Steven A. Berkowitz & Associates, P.C.
One Greentree Centre, Suite 201
Marlton, NJ  08053

BY:  <u>s/ SANFORD G. ROSENTHAL</u>
SANFORD G. ROSENTHAL (I.D. NO. 38991)
RICHARD J. DeFORTUNA (I.D. NO. 86260)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0674

Date:<u>August 7, 2002</u>                Attorney for Plaintiffs

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED**

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

METROPOLITAN REGIONAL COUNCIL       :
OF PHILADELPHIA AND VICINITY,       :              CIVIL ACTION
UNITED BROTHERHOOD OF               :
CARPENTERS AND JOINERS              :
OF AMERICA                          :
                Plaintiff       :
                                :
   v.                 :
                                :
R.M.KING CONSTRUCTION               :
COMPANY, INC.                       :
           Defendant       :              NO. 02-CV-3805

## ORDER

      **AND NOW**, this _____ day of _____, 2002, upon consideration of Plaintiff's Motion to Strike, and arguments in support and in opposition thereto, it is hereby **ORDERED** and **DECREED**:

      Plaintiff's Motion to Strike Defendant's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth and Eighteenth Affirmative Defenses is GRANTED and each of these Affirmative Defenses is stricken in its entirety.

                    **BY THE COURT:**

                    _____
                    JAY C. WALDMAN       J.